UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JILL NAPIWOCKI,<br><br>　　　　　Plaintiff,<br>v.<br><br>YRC INC. dba YRC FREIGHT,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING SHORT FORM DISCOVERY MOTION TO COMPEL RULE 35 EXAMINATION (DOC. NO. 18)**<br><br>Case No. 2:21-cv-00144<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Defendant YRC, Inc.'s a motion to compel, ("Mot.," Doc. No. 18). YRC seeks to compel Plaintiff Jill Napiwocki to undergo a second Rule 35 neuropsychological examination. The court heard argument on March 22, 2022. (Doc. No. 22.) Based on the parties' briefing, argument, and for the reasons stated at the hearing, the motion is granted.

Pursuant to Rule 35 of the Federal Rules of Civil Procedure a court may, for good cause, "order a party whose mental [condition] . . . is in controversy to submit" to a mental examination. Fed. R. Civ. P. 35(a). Rule 35 does not limit a party to a specific number of Rule 35 examinations. *Amato-Fleisher v. Progressive Direct Ins. Co.*, No. 2:08-cv-00567, 2008 U.S. Dist. LEXIS 104190, at *9 (D. Nev. Dec. 16, 2008) (unpublished); *see also* Fed. R. Civ. P. 35. However, a movant must establish good cause for each Rule 35 exam. *See Amato-Fleisher*, 2008 U.S. Dist. LEXIS 104190, at *9. The good cause standard "contemplates that the party seeking a second medical examination is not, itself, at fault in causing the alleged need for a second examination." *Id.* at *12. Thus, a party who retains a medical examiner it knows, or should

1

know, is "readily impeach[able], is probably not entitled to obtain an examination by another examiner once it realizes its error in selecting the first examiner." *Id.*

YRC seeks to compel a second neuropsychological examination with a different expert. (Mot. 1, Doc. No. 18.) YRC originally retained neuropsychologist Adam Schwebach to perform a Rule 35 examination. (*Id.* at 1–2.) Dr. Schwebach examined Ms. Napiwocki in October 2021. (*Id.*) Unknown to YRC or its counsel, Dr. Schwebach was sanctioned just a month before the examination. In September 2021, the Third Judicial District Court for the State of Utah sanctioned Dr. Schwebach for knowingly and intentionally violating the court's order regarding an examination. (Ex. 1 to Mot., Doc. No. 18-1.) YRC's counsel first learned of the sanction on February 10, 2022. (Mot. 2, Doc. No. 18.) Four days later, YRC's counsel notified Ms. Napiwocki's counsel they desired to retain a different expert. (*Id.*) YRC now seeks to compel Ms. Napiwocki to undergo a Rule 35 exam by Sam Goldstein, Ph.D. To lessen any burden on Ms. Napiwocki, YRC has agreed to shorten the examination, to have Dr. Goldstein perform part of it by video conferencing, and to reimburse Ms. Napiwocki for the expenses she incurs from attending the examination. (*Id.* at 3.)

Ms. Napiwocki objects to the second examination, noting Rule 35 exams are intrusive, stressful, and draining. (Pl.'s Resp. to Def.'s Short Form Disc. Mot. to Compel Rule 35 Examination ("Opp'n") 2, Doc. No. 20; Ex. 2 to Mot., Doc. No. 20-2.) Ms. Napiwocki also argues a second examination would be unduly burdensome and expensive because she is a resident of Carbondale, Colorado, and is a full-time teacher. (Opp'n 2, Doc. No. 20.) She contends traveling to Utah for a second two-day examination would cause her to incur significant expenses. (*Id.*)

Under the circumstances, good cause exists to order a second Rule 35 examination. No party disputes that Ms. Napiwocki's mental condition is in controversy. There is no suggestion YRC knew of the sanctions order against Dr. Schwebach before February 2022. And there is no reason to believe YRC should have known of the sanctions order earlier—where the order was issued in a separate case in a different court, only one month before the examination of Ms. Napiwocki. Further, the burden to Ms. Napiwocki is mitigated by YRC's agreement to shorten the exam, to have Dr. Goldstein conduct part of it by video, and to reimburse Ms. Napiwocki for her reasonable expenses. Ms. Napiwocki's claims of undue burden are further diminished by the fact that she has undergone several examinations and interviews for her own experts.

Accordingly, the motion, (Doc. No. 18), is GRANTED. Ms. Napiwocki is ordered to submit to a Rule 35 examination by Dr. Goldstein. The parties are ordered to meet and confer regarding the specifics of the examination, including the date, time, and location.

DATED this 8th day of April, 2022.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge